UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

KELLY LEE PARSONS,            )        CASE NO. 5:04 CV 2531
                             )
          Petitioner,         )        JUDGE JOHN R. ADAMS
                             )
     v.                       )
                             )
OHIO ADULT PAROLE AUTHORITY,  )        ORDER
                             )
          Respondent.         )

Before the Court is petitioner Kelly Lee Parsons's "Motion for Reconsideration." [Dkt #6]  In his motion, Mr. Parsons asks the Court to reconsider its Memorandum of Opinion and Order [Dkt #4] denying his petition for a writ of habeas corpus in light of the Ohio Tenth District Court of Appeals decision in Ankrom v.Hageman, Nos. 04AP-084, 04 AP-985, 04 AP-986, 04 AP-987, 04 AP-988, 04 AP-989, 04 AP-990, 04 AP-991, 04 AP-993, 04 AP-994, 2005 WL 737833 (Ohio App. 10 Dist. Mar. 31, 2005), and restore his case to the court's active docket.

In the Sixth Circuit, a motion for reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990).  In requesting relief under Rule 59, Mr. Parsons was required to file his motion to alter or amend within 10 days from the date of the March 30, 2005 judgment he seeks to

alter.  FED. R. CIV. P. 59(e).  Because Mr. Parsons is a prisoner, the motion is considered to be filed

on the day he placed the motion in the prison mail system.  See Houston v. Lack, 487 U.S. 266, 270

(1988).  There is no clear indication, however, of when this occurred.  His motion was signed on

April 7, 2005.  The package is post marked April 13, 2005 and was received by the court on April

15, 2003.  Because the date that the motion was placed in the mail is not well defined, the court will

liberally construe it as having been filed timely on April 7, 2005.

In order to alter a judgment under Rule 59 there must be a  clear error of law,

intervening change in law or newly discovered evidence.  Sault Ste. Marie Tribe of Chippewa

Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).  Mr. Parsons attaches a copy of the recent

decision of the Ohio Tenth District Court of Appeals in the Ankrom class action case wherein the

court determined that the Ohio parole guidelines run afoul of the Ohio Supreme Court's decision

in Layne v. Ohio Adult Parole Authority, 97 Ohio St. 3d 456 (2002).  The case has been remanded

to the Franklin County Court of Common Pleas for proceedings consistent with the opinion.  Mr.

Parsons contends he is a member of the class of plaintiffs.

Although this development could constitute an intervening change in Ohio law, the

case cannot be restored to the court's active docket.   If Mr. Parsons is indeed a class member, he

now has an available remedy under Ohio law which he must exhaust before proceedings with his

claims in federal court.[1]  28 U.S.C. § 2254(b).

Accordingly, this court amends its Memorandum of Opinion and Order of March 30,

2005 to state that this action is dismissed without prejudice pursuant to Rule 4 of the Rules

---

[1]        The court expresses no opinion on the cognizability of the Ankrom claims if asserted
in a habeas petition.

2

Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.


  s/John R. Adams 5/10/05
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE